**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAVIER MALDONADO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1212-CR-654 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-1101-FA-5

**August 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Javier Maldonado appeals his conviction for child molesting, as a Class A felony, and his sentence following a jury trial. Maldonado raises four issues for our review, which we consolidate and restate as the following three issues:

1. Whether the trial court abused its discretion in the admission and exclusion of certain evidence.

2. Whether reversible error occurred when the jury tendered a question regarding whether Maldonado, who testified in his own defense, had given a prior deposition statement.

3. Whether Maldonado's fifty-year sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

When L.D. was six- or seven-years old, Maldonado, who had been dating L.D.'s mother and was the father of several of L.D.'s half-siblings, began molesting L.D. This lasted until L.D. was thirteen and occurred through several moves L.D. made with her family. Maldonado would touch L.D.'s vagina, perform oral sex on her, and, eventually, Maldonado engaged L.D. in intercourse.

In late 2010, bus drivers and bus aides at L.D.'s school in East Chicago began noticing that L.D. would exit the bus and, rather than entering the school, she would enter a nearby pickup truck driven by Maldonado. In early January of 2011, a bus aide observed L.D. enter Maldonado's pickup truck and observed Maldonado kiss L.D. in a manner that "[wa]s not a father-daughter kind of kiss." Transcript at 129. The aide reported the matter to school officials who, in turn, contacted the police. In a subsequent

2

interview with Detective Edward Rodriguez of the East Chicago Police Department, L.D. explained that Maldonado was taking her to nearby alleys to have sex with her.

On January 26, 2011, the State charged Maldonado with three counts of child molesting, two as Class A felonies and one as a Class C felony. The jury found Maldonado guilty of one Class A felony charge and the Class C felony charge. The trial court entered judgment of conviction only on the Class A felony charge[1] and sentenced Maldonado to fifty years executed. This appeal ensued.

**DISCUSSION AND DECISION**

**Issue One: Admission and Exclusion of Evidence**

Maldonado first challenges the trial court's admission and exclusion of certain evidence at trial. Our standard of review of a trial court's admission or exclusion of evidence is an abuse of discretion. Speybroeck v. State, 875 N.E.2d 813, 818 (Ind. Ct. App. 2007). A trial court abuses its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before the court. Id. It is well-established that "errors in the admission of evidence are to be disregarded as harmless error unless they affect the substantial rights of a party." Sibbing v. Cave, 922 N.E.2d 594, 598 (Ind. 2010) (quotations omitted). To determine whether the admission of evidence affected a party's substantial rights, we assess the probable impact of the evidence upon the jury. Id. "Likewise, reversible error cannot be predicated upon the erroneous admission of

---

[1] In its sentencing order, the trial court stated that it "merge[d]" Maldonado's Class C felony conviction with his Class A felony conviction "based on Double Jeopardy considerations." Appellant's App. at 67. We interpret this to mean that the trial court entered its judgment of conviction only on Maldonado's Class A felony conviction.

3

evidence that is merely cumulative of other evidence that has already been properly admitted." Id.

Maldonado first asserts that the trial court abused its discretion when it permitted Detective Rodriguez to testify, over Maldonado's objection, as follows:

Q [by the State]: [W]hat was [L.D.]'s response to the fact that you were going to inform her mom?

A: Well, she didn't want me to tell her mom.

\* \* \*

Q: Did she give any reason why?

A: She said her mother wouldn't have been happy because supposedly her father was a bad influence. [H]er mother doesn't want [L.D.] around [him] or want him around [L.D.] because he was a bad influence on her.

Transcript at 172-73. On appeal, Maldonado asserts that this testimony constituted inadmissible hearsay.

But Maldonado makes no argument on appeal that Detective Rodriguez's testimony prejudiced Maldonado's substantial rights. Indeed, during his testimony in his own defense, Maldonado stated that L.D.'s mother did not want him "around her daughters" because he was "a bad influence." Id. at 410. Thus, even if we were to accept for the sake of argument that Detective Rodriguez's testimony contained inadmissible hearsay, there is no doubt that his testimony had little, if any, probable impact on the jury. There is no reversible error on this issue.

Maldonado also asserts that the trial court abused its discretion when it denied his request to have photographs of his erect penis admitted into evidence. During her testimony, L.D. described Maldonado's penis as circumcised. In response, Maldonado

4

admitted into the record photographs of his flaccid penis, which showed that he was not circumcised. Thereafter, Maldonado also sought to have photos of his erect penis admitted. The trial court denied his request.

The trial court did not err in denying Maldonado's request to have photos of his erect penis admitted into the record. Insofar as Maldonado sought to attack L.D.'s credibility based on her description, Maldonado accomplished that goal with the admitted photos of his flaccid penis. His additional request to have photos of his erect penis admitted into the record sought the admission of evidence that was merely cumulative and, as such, there is no reversible error on this purported issue.

### Issue Two: Jury Question

Maldonado next asserts that his Fifth Amendment privilege against self-incrimination was violated when the jury asked him, during his testimony in his own defense, whether he "g[a]ve these same answers in a prior deposition." Transcript at 438. Specifically, Maldonado's argument on this issue is as follows: "Both the trial court and the prosecution violated Maldonado's right to remain silent by permitting reference to that right permitting [sic] the jury to draw adverse inferences from the answer to a question which referenced that right." Appellant's Br. at 8-9. But Maldonado does not explain how, if at all, the Fifth Amendment applies to a jury question to the defendant during his own testimony. The rationale for this argument is not readily apparent. If anything, since Maldonado had not given a deposition prior to trial, there was no prior statement from him with which to impeach his trial testimony. This issue is waived for lack of argument supported by cogent reasoning. Ind. Appellate Rule 46(A)(8)(a).

## Issue Three:  Sentencing

Maldonado also contends that his fifty-year aggregate sentence is inappropriate in light of the nature of the offense and his character.[2]  Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court."  Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original).  This appellate authority is implemented through Indiana Appellate Rule 7(B).  Id.  Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character.  See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).  We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate.  Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006).  However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review."  Roush, 875 N.E.2d at 812 (alteration original).

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference."  Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008).  Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented.  See id. at 1224.  The principal

---

[2] Maldonado's argument on appeal conflates our review of his sentence for an abuse of discretion and our review of his sentence under Indiana Appellate Rule 7(B).  See Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007).  As such, we will consider only whether his sentence is inappropriate under Rule 7(B).  See Mendoza v. State, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (citing Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007)), trans. denied.

role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

The nature of Maldonado's offense was egregious. From his position of trust, he molested L.D. repeatedly over seven years, which started when she was six years old with him inserting his finger into her vagina on a nearly daily basis and escalated into frequent occurrences of sexual intercourse by the time Maldonado was arrested. And neither is Maldonado's character mitigating. He has three prior adult convictions, six pending felony allegations, and, although the State did not know it at the time, his molestation of L.D. was in violation of his terms of probation. Further, L.D. is the half-sister of several of Maldonado's children. And Maldonado's arguments on appeal that his proposed mitigators are significant or that his criminal history is of little weight are not persuasive. Maldonado's fifty-year aggregate sentence is not inappropriate.

Affirmed.

MATHIAS, J., and BROWN, J., concur.